## THE STATE OF PENNSYLVANIA, COMPLAINANT, *v.* THE WHEELING AND BELMONT BRIDGE COMPANY.

This court has power, in a case of original jurisdiction, to award costs against either of the parties.

The statutes of the United States upon the subject of costs, examined.

Moreover, this court has equity jurisdiction in certain cases, under the constitution of the United States; and in those cases, it is guided by the rules and principles of the court of chancery in England, as they existed when our constitution was formed. That court had power to award costs and this court must have the same power.

The bill of costs in this case was taxed by the clerk under the order of this court. Either party had leave to file exceptions, but both parties, by a written agreement, waived all exceptions, and the court confirmed the report. After this, it is too late to object.

A motion to file a bill of review upon the subject of costs, and also for a re-taxation of them, is, therefore, overruled.

THIS was a case of original jurisdiction upon the equity side of this court, and was a sequel to the preceding case between the same parties.

*Mr. Charles W. Russell*, as the solicitor for the Bridge Company, filed a petition praying leave to file a bill of review of an order of this court, made at the December term, 1851, respecting the costs, in the original case between the parties. The petition set forth that this court had no power to condemn either party to a suit originally brought in this court to pay the costs of the suit; or if it had the power, then the amount of costs must be regulated by some previous act of congress or rule of this court. It also set forth that the report of the clerk, which was confirmed by an order, was liable to objection, and prayed that the report might be reopened.

Mr. Justice NELSON delivered the opinion of the court.

This is an application made on the part of the defendants, for leave to file a bill of review, so far as respects the orders and decrees for costs heretofore rendered in the above case against them.

The court have already determined that the decree rendered for costs against the defendants was unaffected by the act of congress passed August 31, 1852, and with which determination it is entirely satisfied.

It is suggested, however, on the part of the applicant, that there is no act of congress expressly conferring power upon this court in the case of original jurisdiction, to award costs against either of the parties. This may be true, but it is equally true in respect to the circuit courts of the United States, and yet no one has doubted the power in those courts since their first organ-

ization; 1 Blatchford R. 652; and the grounds upon which that power rests apply with equal force to the supreme court in the cases mentioned. In the distribution of original jurisdiction between the supreme and circuit courts, there is nothing peculiar in the nature or character of that conferred upon the former, to distinguish it specially from the latter. Indeed, a large portion of this jurisdiction is concurrent with that of the circuit courts. It is exclusive only in a few cases having regard to the sovereign character of the party to the suit, or in cases where the interests of our foreign relations may be concerned, and principles of international law involved.

In the nature of the jurisdiction, therefore, or in the character of the suits in this court of original jurisdiction, we perceive nothing that should lead us to distinguish, on the question of costs, between this court and the circuit courts. And, as we have already said, the grounds for the exercise of the power—namely, the repeated recognition by acts of congress of the right of the prevailing party to costs—is as applicable to the one court as the other.

It would be an endless task to refer to the various acts of congress passed from time to time recognizing the right of the party to costs in proceedings in the courts of the United States, and, of course, including this court. It will be sufficient to say, that they will be found in the laws of congress, running through its entire legislation on the subject of judicial proceedings, and regulation of the power and authority of the federal courts and its officers. Among the first acts is that of May 9, 1792, " An act for regulating processes in the courts of the United States, and providing compensations for the officers of the said courts and for jurors and witnesses." 1 Stats. at Large, 275. The compensation here provided for, on behalf of officers and persons concerned in the administration of justice, not payable out of the treasury of the United States, was recoverable as costs of the suit. § 6, p. 278.

The act of July 22, 1813, (2 Stats. at Large, 19,) " An act concerning suits and costs in courts of the United States," provided, (§ 1,) that where several actions against persons who might be joined in one action touching a demand in any court of the United States, if judgment be given for the plaintiff, such party shall not recover the costs of more than one action, &c. And the 3d section provided, that where causes of like nature, &c., shall be pending before a court of the United States, it is made the duty of the court to make rules or orders to avoid unnecessary costs, and consolidate the causes. It is also provided that if any attorney or person admitted to conduct causes in a court of the United States shall appear to have multiplied proceedings

39 *

in any cause, so as to increase costs vexatiously, such person may be required to satisfy any excess of costs so incurred. But we shall not pursue this inquiry. We could multiply instances of similar recognition of the right of the party to costs, and power of the court to award them, to almost any extent. The instances we have referred to are but samples, and, we think, sufficient for the purpose designed.

But, independent of this, the constitution provides that the judicial power of the United States shall extend to all cases in equity between a State and the citizens of another State; and that, in cases in which a State shall be a party, this court shall have original jurisdiction. There is thus conferred by the constitution on this court original jurisdiction over " cases in equity " between a State and citizens of another State; and this is the jurisdiction we have exercised in the matter now before us.

Original jurisdiction in equity, in a particular class of cases, conferred by the constitution on this court, has been interpreted to impose the duty to adjudicate according to such rules and principles as governed the action of the court of chancery in England, which administered equity at the time of the emigration of our ancestors, and down to the period when our constitution was formed. And when the constitution of the United States conferred that jurisdiction on this court, it cannot be construed to exclude the power possessed and constantly exercised by every court of equity then known, to use its discretion to award or refuse costs, as its judgment of the right of the case, in that particular, might require. The court entertains no doubt of its power to award costs, and deny the application to file a bill of review.

Then as to the bill of costs taxed by the clerk. It is sufficient to say, that the bill as we understand it, consists entirely of the expenses attending the taking of testimony in the case, and of the surveys, examinations, and reports of the engineer, preparatory to the final hearing of the case, and which services were performed under the special order and direction of the court, together with the fees for the services of the officers of the court. And, further, that the bill of costs has been referred to the clerk of the court, with directions to examine witnesses, and resort to such other proofs for the purpose of ascertaining the proper compensation to be allowed the commissioners, and to the engineers and clerks employed by him, and also to ascertain the whole amount of expenses incurred by said commissioner, and the amount advanced by the respective parties, and report on the same; and that either party have leave to except to the report, in writing, as to any of the items or sums of money allowed by the clerk.

This report was duly made in conformity with the order, and the counsel for the respective parties filed at the time a written declaration waiving all exceptions to any part of said account or vouchers, and stating that they do not mean to except to said report, nor desire any further time to examine or except to it; whereupon the report was confirmed by this court.

It can hardly be expected, after this deliberate proceeding by the court to ascertain the costs and expenses attending the trial and hearing of the case, and the opportunity of the counsel for the respective parties at the time, to scrutinize the several items of the account, their attendance before the master, and, after the proper scrutiny, entering into and filing an express written waiver of exceptions to the taxation and solemn recognition of its justice and propriety, that the court will open the question for a reëxamination, or can desire any further inquiry into or review of the matter thus disposed of. There must be an end of litigation. We are not only satisfied that the party applicant for a review of the question has already had full opportunity to present his objections to the bill of costs, and, indeed, has already availed himself of the benefit of it, but are also satisfied with the order and judgment of the court heretofore given in the premises.

The motion for bill of review, and also for re-taxation of costs, is denied.