**In re AVIVA GELATO, INC., Debtor.**

**Robert A. YOUNG Appellant,**

v.

**AVIVA GELATO, INC., Appellee.**

**BAP No. NC 87–2184.**

**Bankruptcy No. 3–86–00685 JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 22, 1988.

Decided Oct. 28, 1988.

Robert A. Young, San Francisco, Cal., for appellant.

Henry Cohen, Burlingame, Cal., for appellee.

Before MOOREMAN, PERRIS and VOLINN, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises out of the bankruptcy court's order denying the appellant's motion for taxing costs of $963.65, after the appellant had filed a motion to dismiss the underlying Chapter 11 petition. The corporate debtor initially opposed this motion, but subsequently withdrew its opposition resulting in default and eventual dismissal of the petition.[1]

## FACTS

On March 12, 1986, Aviva Gelato, Inc., filed a petition for reorganization under Chapter 11. The corporate owner, Mr. Beugen, also filed a Chapter 11 petition on the same day. Apparently, the appellant was a creditor in Mr. Beugen's bankruptcy and was appointed to the Creditor's Committee. Subsequently, the appellant "purchased and was assigned an unsecured claim against the corporate debtor" and was later appointed to the Creditor's Committee in that bankruptcy as well.

On April 13, 1987, the appellant filed a motion to dismiss both bankruptcies alleging bad faith filing. At the hearing on the motion, Aviva "withdrew" its objection to the motion to dismiss and the bankruptcy was dismissed on June 24, 1987.[2] The court, however, denied the appellant's motion to dismiss Mr. Beugen's bankruptcy case.

On June 26, 1987, the appellant filed a bill of costs seeking payment for "witness fees, mileage expenses, and deposition costs" incurred in prosecuting the motion to dismiss. Aviva objected to the bill of costs on the grounds that: 1– the bankruptcy had been dismissed and the court lacked jurisdiction, 2– the appellant had unnecessarily protracted all the proceedings, and 3– the witness fees and deposition costs were either unnecessary, taken improperly, or done in reference to Mr. Beugen's bankruptcy where the appellant was not the prevailing party.[3]

On August 14, 1987, a hearing was held on the motion for costs in which the bank-

---

1. Although the appellee opposed the motion for costs before the bankruptcy court, the appellee has not filed a responsive brief in this matter.

2. In the Opposition to the Motion for Costs, Aviva argued that it had "consented" to dismissal because it had "determined that it could not propose a satisfactory plan." Accordingly, Aviva argued that the appellant should not be considered the "prevailing party."

3. The appellant seeks recovery of essentially four (4) deposition costs of four witnesses as well as the witness costs for each of the same

four persons. Apparently, Aviva was "attempting to sell its business or merge" with Ice Cream Indus., Inc., (ICI), and in this regard, the appellant deposed Mr. Lofland (the CEO of ICI) and Ms. Sanchez (a "potential investor"). Additionally, the appellant based the motions to dismiss on Aviva's "inability to provide adequate security to its largest secured creditor, Barclays Bank Of California." In this regard, the appellant had deposed a Ms. Billet (an accounts operations officer at Barclays). Finally, the appellant deposed a Mr. Leung, alleging that Ms. Beugen (one of the debtor's principals) had "threatened

ruptcy court stated that "the Federal Rules do allow the court discretion not to award costs." Additionally, the court determined that it would "look at all the proceedings in which the applicant has been involved with the debtor." In doing so, the court determined:

> the applicant has brought many motions, none of which have had any merit. If anyone has multiplied the proceedings here, it is [the appellant]. [The appellant has] imposed great cost on the estates by these motions, none of which have had any merit. And I think it would be unjust in this case to award costs, and [the appellant's] request for costs is denied.

On October 28, 1987, the bankruptcy court entered an order denying the appellant's motion for taxing costs and sustaining Aviva's Objection to the Cost Bill. The appellant filed a timely Notice of Appeal.

## DISCUSSION

■ Pursuant to Bankruptcy Rule 7054(b), a bankruptcy court is given discretion as to whether to award costs to a prevailing party in a contested matter.[4] Subsection (b) of Rule 7054 provides in the pertinent part:

> (b) Costs. The court *may* allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.

Bankruptcy Rule 7054(b) (emphasis supplied).

Bankruptcy Rule 7054(b) is derived from Rule 54(d) of the Federal Rules of Civil Procedure which states in the pertinent part:

> (d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs *shall* be allowed as of course to the prevailing party unless the court otherwise directs; ....

Fed.R.Civ.P. 54(d) (emphasis supplied).

Although Fed.R.Civ.P. 54(d) appears to be a more mandatory in nature than Bank-

ruptcy Rule 7054(b), the Ninth Circuit has consistently recognized that the trial court has discretion as to what costs to allow and in reviewing the allowance or disallowance of such costs, "[t]he standard of review is abuse of discretion." *E.g. National Organization for Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir.1982) (citation omitted).

■ Although it is generally recognized that a trial court's discretion as to whether to assess costs is broad, it is also recognized under Fed.R.Civ.P. 54(d), that the court must state its reasons denying costs. Assuming that the same requirement applies to Bankruptcy Rule 7054(b), it is clear that the bankruptcy court satisfied this requirement by stating that the denial of costs was based on the appellant's multiplication of the proceedings and meritless motions. The bankruptcy court's determination is essentially a finding of fact and will not be reversed unless clearly erroneous. *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir.1987).

Initially the appellant argues that such a finding does not constitute a basis for denial of costs under Bankruptcy Rule 7054. However, the appellant himself recognizes that "a denial of costs is consistent with the court's inherent power to discourage abusive litigation practices." Although not specifically addressed by the Ninth Circuit, other courts have "recognize[d] the trial court's right to deny costs where the prevailing party has unduly extended or complicated resolution of the issues." *E.g. ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir.1975). Accordingly, the appellant's argument must fail.

The appellant next contends that the record does not support the bankruptcy court's finding. The appellant has included a summary of certain docket entries at page 13 of his brief. However, it is appar-

---

Mr. Leung with baseless litigation." The appellant had obtained his claim against Aviva by purchase and assignment from Mr. Leung.

**4.** Although the underlying bankruptcy case had been dismissed, this did not deprive the bank-

ruptcy court of jurisdiction to consider the motion for costs. Bankruptcy Rule 7054(b); *see also In re Eighty South Lake, Inc.*, 81 B.R. 580 (9th Cir. BAP 1987).

ent that this list is not exhaustive because certain docket entries have been omitted. Additionally, the docket reflects that a motion to compel production of documents (# 37) as well as two motions to lift the stay (# 40 and # 46) were all denied by the bankruptcy court. Nothing in the record explains the basis for the bankruptcy court's denial of these motions, nor does the appellant set forth any basis for their denial. Whether these motions were in fact "meritless" cannot be determined from only a summary of the docket sheet and without further evidence, we cannot determine that the bankruptcy court's finding was erroneous. *See In re Burkhart*, 84 B.R. 658 (9th Cir. BAP 1988) (the appellant is responsible for filing an adequate record).

Aviva had also objected to costs on the basis that the depositions undertaken by the appellant were not reasonably necessary to prosecute the motion to dismiss the corporate debtor and were used primarily for discovery purposes in the individual bankruptcy of Mr. Beugen. The order denying the taxing of costs indicates that this objection was sustained.

It is recognized that costs under Fed.R. Civ.P. 54(d) are properly denied if "the prevailing party's taxable costs are unnecessary or unreasonably large." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 731 (6th Cir.1986). The necessity requirement is essentially derived from 28 U.S.C. § 1920(2) which permits taxation of costs for transcript preparation "necessarily obtained for use in the case." In determining whether the specific costs at issue were necessary, certain issues arise. First, some courts have recognized that depositions are not obtained unnecessarily even if they are not essential to the court's final resolution of the case. *See generally, Bartell*, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 568–75. Additionally, some courts place the burden of persuasion as to the necessity of the costs on the prevailing party, while others place the burden on the losing party. *Id.* at 571. Finally, some courts recognize that in reviewing whether certain costs are "necessary," a trial court should make the determination in light of

the situation existing at the time the deposition was taken rather than by use of hindsight. *Id.*

The difficulty with reviewing the issue of necessity for the depositions in the instant case, however, is the lack of an adequate record. Specifically, the actual depositions themselves are not included in the record. While the appellant sets forth allegations of what was contained in the testimony of the four witnesses, Aviva alleged in its opposition to the motion for costs that the depositions were either regarding matters having nothing to do with the Aviva Gelato case, or were merely regarding records of Barclays Bank and therefore unnecessary.

Without the depositions, it is virtually impossible for this Panel to make a determination as to whether the costs at issue were necessary as required by 28 U.S.C. § 1920(2). *See Burkhart, supra.*

Without more, the appellant has failed to establish that the bankruptcy court abused its discretion in refusing to grant the appellant's motion for costs. Accordingly, the decision of the bankruptcy court is AFFIRMED.