In re Joseph GIOIOSO; Carol Jean Gioioso, Debtors.

Chester J. STUEBBEN; Westfield Home News Service, Inc., Appellants,

v.

Joseph GIOIOSO; Carol Jean Gioioso.

No. 92–5176.

United States Court of Appeals, Third Circuit.

Argued Sept. 24, 1992.

Decided Nov. 16, 1992.

---

Richard F. Collier, Jr. (argued), Evelyn P. Mitchell, Collier, Jacob & Mills, Somerset, N.J., for appellants.

David A. Ast (argued), Wahl & Ast, Morristown, N.J., for appellees.

Before: MANSMANN, ROTH and ROSENN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

This appeal arises from the bankruptcy court's denial of motions to assess attorney's fees and costs against debtors who filed false affidavits in opposition to summary judgment and the district court's affirmance of that denial. We determine that a violation of Bankruptcy Rule 9011 requires the imposition of an appropriate sanction and that Bankruptcy Rule 7056 requires the imposition of fees and costs associated with bad faith litigation. Thus, we will reverse and remand for the imposition of sanctions and an award of fees and costs.

### I.

Joseph and Carol Jean Gioioso purchased a newspaper distribution business, the Westfield Home News Service, Inc., from Chester J. Stuebben. When the business failed to deliver profits, the Gioiosos ceased paying monthly installments to Stuebben and commenced a contract action in the state courts of New Jersey. Stuebben counterclaimed, seeking judgment on an $841,285.50 promissory note, which represented a portion of the purchase price, and seeking the return of the business, which secured the promissory note. During this same time, the Gioiosos transferred funds from their business and personal accounts to other accounts and to their relatives. In the midst of the contract action, the Gioiosos filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*

Stuebben responded by commencing an adversary proceeding in the bankruptcy case, requesting that the bankruptcy court deny the debtors (the Gioiosos) discharge. Pursuant to § 727, a court shall grant a debtor a discharge *unless* the debtor has acted deceptively with respect to property transfers, records, court filings, or explanations as to property loss. 11 U.S.C. § 727(a)(2)–(5). The bankruptcy court resolved the adversary proceeding in Stuebben's favor, determining that each subsection of 11 U.S.C. § 727(a)(2)–(5) warranted denial of discharge.[1]

In the course of its opinion denying discharge, the bankruptcy court concluded that the debtors had committed various wrongs. The following excerpts are indicative of the court's findings.

[T]here is testimony given by one (or both) debtors to the effect that the initial transfers were accomplished specifically to hinder, delay, or prevent [Stuebben] from obtaining assets of the later created estate....

This court finds the evidence offered through use of deposition testimony given [by the debtors] close in time to the events complained of to be more credible than the certifications now relied upon by the debtors.... The facts are such that the earlier testimony regarding the funds is the only credible testimony.

... The series of transfers unearthed by [Stuebben] and not disclosed by the debtors is sufficient proof of debtors' intent to defraud....

....

... [T]he debtors knowingly and fraudulently failed to disclose information material to this case, and, in so doing, knowingly and fraudulently uttered a false oath and account when their Schedules and Statement were submitted....

....

[In determining the debtors' failure to adequately explain their loss or deficiency of assets], the court is again struck by the discrepancies appearing between sworn testimony taken near in time to the loss and the sworn statements offered in opposition to this motion [for summary judgment]. Even if those discrepancies did not exist and the sworn statements were wholly credible, the only explanation offered for the loss is

---

**1.** We affirmed the denial of discharge in an earlier appeal. *Stuebben v. Gioioso (In re Gioio-* *so),* 961 F.2d 208 (3rd Cir.1992) (table).

that debtors cannot remember why money was transferred to others, where money retained was spent, nor for what purpose it was spent. This explanation is actually no explanation at all, and the court concludes it is totally inadequate. *Stuebben v. Gioioso (In re Gioioso)*, No. 86–01383 at 11–17 (Bankr.D.N.J. Jan. 30, 1991). These excerpts strongly suggest that the bankruptcy court found that the debtors had proceeded in bad faith by filing false schedules and by providing incredible, or at least frivolous, explanations for their deficiency of assets.

Stuebben, in addition to seeking the denial of discharge, had also sought attorney's fees and costs pursuant to Bankruptcy Rules 7054, 7056, and 9011, and pursuant to the court's "inherent power" to impose sanctions.[2] Notwithstanding the debtors' wrongful conduct, the bankruptcy court denied, without discussion, Stuebben's request for attorney's fees. The bankruptcy court also denied, at a subsequent proceeding, Stuebben's motion for costs. At that proceeding, the bankruptcy court said only this:

I'm well aware of the facts of this matter not only because of the 17 page opinion, but the other numerous motions and appearances here.

I'm going to deny costs. The reason for that is that if my opinion is sustained on appeal, the Debtors have been denied their global discharge and any remedy from this Court—that is certainly a harsh sanction and I'm not going to add to it by adding costs to an already financially troubled Debtor.

R. at 2945. The district court reviewed the bankruptcy court's denial of fees and costs for "clear error" and sustained the denial as "not clearly erroneous" and as "reasonable." *Stuebben v. Gioioso (In re Gioioso)*, No. 91–1236, slip op. at 24 (D.N.J. July 17, 1991). Stuebben's appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(a) and 1291. The district court had jurisdiction pursuant to 28 U.S.C. §§ 158(a) and 1334.

We review the bankruptcy court's findings of fact for clear error, and we exercise plenary review over any conclusions of law. *See Landon v. Hunt*, 977 F.2d 829, 830 (3d Cir.1992). We review the denial of attorney fees and the denial of costs for abuse of discretion, which occurs if the court's ruling was founded on an error of law or clearly erroneous view of the facts or misapplication of law to the facts. *See Marco v. Accent Pub. Co.*, 969 F.2d 1547, 1548 (3d Cir.1992) (abuse of discretion standard); *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1242 (3d Cir. 1983) (same), *cert. dismissed*, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984).

## III.

Attorney's fees are expressly authorized by Bankruptcy Rule 9011 which tracks the language of Federal Rule of Civil Procedure 11, and by Bankruptcy Rule 7056, which makes Federal Rule of Civil Procedure 56(g) applicable in bankruptcy pro-

---

**2.** Federal district courts have an inherent power to sanction a litigant for bad-faith conduct. *Chambers v. NASCO, Inc.*, —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (affirming award of attorney's fees imposed as sanction on a litigant who had schemed to fraudulently deprive court of jurisdiction and to obstruct, delay, harass and spend opponent into a condition of exhausted compliance); *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 504 (3d Cir.1991) (remanding for consideration of court's inherent power to sanction attorney who acts in bad faith, vexatiously, wantonly, or for oppressive reasons), *cert. denied*, —— U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991). Stuebben has not provided any authority, however, that suggests a non-

Article III court has the inherent power to sanction bad-faith conduct, although some caselaw indicates that the district court may exercise the power, *see Sherk v. Texas Bankers Life & Loan Ins. Co. (In re Sherk)*, 918 F.2d 1170, 1178 (5th Cir.1990) (district court has inherent power to impose sanctions for frivolous bankruptcy appeal), and that a bankruptcy court may invoke it, *see Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir.1991).

Because, as our disposition of this appeal makes clear, Stuebben may obtain the relief he seeks under Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 56(g), we need not address the issue of "inherent powers."

ceedings. Rule 9011—which provides for sanctions that include attorneys fees—applies generally to the filing of false certifications.[3] Rule 7056—which provides for reasonable expenses that include attorney's fees—applies specifically to the filing of false affidavits in the context of a summary judgment proceeding.[4] We address each rule in turn.

### A.

■ Although we have directly addressed the application of Bankruptcy Rule 9011 on only two occasions, *see Landon v. Hunt*, 977 F.2d 829 (3d Cir.1992); *Cinema Svs. Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985), we have indicated that cases decided pursuant to Federal Rule of Civil Procedure 11 apply to Rule 9011. *See Landon*, 977 F.2d at 833 & n. 3 (applying Rule 11 precedent to case involving Rule 9011); *Cinema Svs. Corp.*, 774 F.2d at 586 (looking to Rule 11 advisory committee note for guidance in a Rule 9011 case).

We conclude that the bankruptcy court abused its discretion by refusing to impose any sanction against the debtors in the present case. The bankruptcy court found in its opinion that the debtors in fact falsi-

fied certifications, a violation of Rule 9011. When Rule 9011 is violated, the rule states that the court "shall impose" in the violating party "an appropriate sanction." In *Cinema Svs. Corp.*, we emphasized that Rule 9011, like Rule 11 of the Federal Rules of Civil Procedure, focuses "the court's attention on the need to impose sanctions for pleading and motion abuses." 774 F.2d at 586 (quoting Committee Note to Rule 11); *see also In re Powers*, 135 B.R. 980, 998 (Bankr.C.D.Cal.1991) ("A bankruptcy court must impose sanctions when it finds a violation of Bankruptcy Rule 9011").

We have further refined this interpretation of the mandatory nature of the Rule 11/Rule 9011 "shall" in *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986):

The use of "shall" was deliberate and carefully considered, and was intended to overcome the reluctance of courts to assess sanctions against erring counsel and parties. The tone of the rule makes clear that although trial judges still retain substantial discretion, its exercise is now directed more to the nature and extent of sanctions than to initial imposition.

---

3. Bankruptcy Rule 9011 provides in part:

   **(a) Signature**
   Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. If a document is not signed, it shall be stricken

unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

4. Rule 56(g), made applicable by Bankruptcy Rule 7056, provides:

   **(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(citations omitted); *see also id.* at 158 (sanctions influenced by the particular facts of the case; court may decide circumstances warrant imposition of only part of adversary's expenses or only a reprimand); *Thomas v. Capital Security Svs., Inc.,* 836 F.2d 866, 877 (5th Cir.1988) (noting that the sanctioning court "is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party"); *Mercury Service, Inc. v. Allied Bank of Texas,* 117 F.R.D. 147 (C.D.Cal. 1987) (imposing only a verbal admonition upon a party who violated Rule 11 but demonstrated good faith and candor to the court), *aff'd,* 907 F.2d 154 (9th Cir.1990) (table). We determine from the above reasoning that, where the court finds a violation of Rule 9011, the court must apply a sanction. *Accord Thomas,* 836 F.2d at 876 ("Once a violation of Rule 11 is established, the rule mandates the application of sanctions."). The court's discretion lies not in its conclusion to sanction but in its determination of what sanction to apply. Therefore, on remand of this case the bankruptcy court must resolve whether an award of attorney's fees or some other sanction is appropriate.

■ In addition, on remand the bankruptcy court must in its consideration of sanctions articulate sufficient reasons for its determination of what is the appropriate sanction to apply. A court's opinion must provide a sufficient basis for reviewing its exercise of discretion under Rule 9011. *Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 617 (3d Cir.1991) (concluding that district court gave inadequate consideration to Rule 11 motion, and vacating denial); *Lieb,* 788 F.2d at 158 (remanding on issue of attorney's fees because record gave no basis for reviewing the exercise of discretion); *cf. Anthuis v. Colt Indus. Operating Corp.,* 971 F.2d 999, 1010–13 (3d Cir.1992) (holding that mere listing of factors in ERISA case does not provide for meaningful review of district court's exer-

cise of discretion to award attorney's fees and remanding for analysis).[5]

**B.**

■ Rule 56(g), made applicable by Bankruptcy Rule 7056, directs a court to order, in connection with a summary judgment proceeding, payment of expenses and attorney's fees incurred as a result of a party's affidavit filed in bad faith or filed "solely for the purpose of delay." Fed. R.Civ.Pro. 56(g) (court "shall" forthwith order fees). Here, the bankruptcy court found that the debtors had filed certifications in opposition to Stuebben's summary judgment motion that flatly denied they had transferred property with intent to hinder, delay or defraud creditors. Not only did the court disbelieve those certifications, but the court also noted that the debtors had earlier admitted the opposite. The court also found that, with respect to opposing summary judgment on the grounds of failure to explain loss of assets, the debtors submitted sworn statements that the court found were "totally inadequate."

■ Although the bankruptcy court did not expressly label the affidavits as "presented in bad faith or solely for purposes of delay," the court's findings compel a conclusion of bad faith. According to the court's findings, the debtors filed false and irrelevant statements in opposition to two counts of the summary judgment motion. As well, the court made specific findings of prepetition fraudulent transfers, of unexplained failure to keep records by knowledgeable business people (an accountant and a bank employee), and of false accounts filed in the bankruptcy proceeding. In light of all these findings, we cannot interpret the unexplained denial of attorney's fees as based on a finding of the absence of bad faith. To the contrary, the sequence of events, as found by the bankruptcy court, compels the conclusion that

**5.** At a proceeding some weeks after the filing of its opinion, the bankruptcy court took the view that denial of discharge pursuant to 11 U.S.C. § 727(a)(2)–(5) was a "sanction". We address the bankruptcy court's view below, but we note here that the bankruptcy court was not addressing attorney's fees, only costs. We therefore assume that the reasoning of that statement applies only to the application for costs pursuant to Rule 7054.

the debtors opposed summary judgment in bad faith or solely for reasons of delay.

Given the wrongful character of the debtors' affidavits in opposition to summary judgment—affidavits that flatly contradicted earlier sworn depositions and that failed to raise material issues of fact—Rule 56(g) required the bankruptcy court to order the debtors to pay "the amount of reasonable expenses which the filing of the affidavits caused the other party [here, Stuebben] to incur, including reasonable attorney's fees...." Fed.R.Civ.Pro. 56(g); *see Modica v. United States*, 518 F.2d 374, 376–77 & n. 2 (5th Cir.1975) (approving of district court's taxation of all costs, apparently pursuant to Rule 56(g), against party who submitted an "eleventh-hour denial of facts admitted over a three-year period"); *Barticheck v. Fidelity Union Bank*, 680 F.Supp. 144, 150 (D.N.J.1988) (awarding payment of fees under Rule 56(g) against litigant who presented an "inexplicable contradictory affidavit" that was at odds with previous deposition testimony).[6] We will therefore reverse the judgment denying fees and costs under Rule 56(g) and remand for calculation and imposition of those fees and costs by the bankruptcy court.

### IV.

Bankruptcy Rule 7054(b) permits a bankruptcy court, in its sound exercise of discretion, to award costs to a party prevailing in an adversary proceeding. Fed.R.Bankr. Pro. 7054(b); *see Young v. Aviva Gelato,*

Inc. (In re Aviva Gelato, Inc.), 94 B.R. 622, 624 (Bankr. 9th Cir.1988), aff'd, 930 F.2d 26 (9th Cir.1991) (table). In denying costs, the bankruptcy court apparently took the view that denial of discharge pursuant to 11 U.S.C. § 727(a)(2)–(5) was a form of sanction, and that the debtors were already in a financially troubled condition. We exercise plenary review of the bankruptcy court's interpretation of the statute, and we review the bankruptcy court's factual assumptions for clear error. *Landon*, 977 F.2d at 830. The decision to deny costs pursuant to Rule 7054(b) is reviewed for abuse of discretion. *See Young, supra.*

### A.

■ The bankruptcy court took the view that the outcome of an adversary proceeding (here, denial of discharge) was a sanction for bad faith opposition to that proceeding. That view is not supported by the language of Rule 7054(b)[7] or by the language of 11 U.S.C. § 727(a), pursuant to which discharge was denied here. Moreover, under the view that denial of discharge is a "harsh sanction" to which costs of an adversary proceeding should not be added, debtors without a hope of opposing the denial in good faith might perhaps oppose it in bad faith, secure in the knowledge that their conduct carries no actual penalty. This view of a denial of discharge as a sanction might encourage bad-faith litigation and is therefore erroneous as a matter of law in this context.[8]

---

**6.** Because the bankruptcy court opinion amounts to a finding of bad faith, we do not view our holding—that Rule 56(g) requires imposition of costs and fees associated with bad faith affidavits—as inconsistent with the observation in one distinguished treatise that the award of expenses is within the discretion of the court. Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 2742, at 563 (1983). That observation is premised in large part on the practical significance of a court's discretion to determine an absence of bad faith altogether. Once a court has found affidavits to have been presented in "bad faith" or "solely for the purpose of delay" (as the bankruptcy court in essence found here), the plain meaning of the Rule requires the assessment of costs and fees. *See* Fed.R.Civ.Pro. 56(g).

**7.** Bankruptcy Rule 7054(b) provides:

(b) **Costs**
  The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

**8.** We need not address whether § 727(a)(2)–(5) is a "sanction" in other contexts. Certainly, the provisions of § 727 deter some prepetition bad-faith conduct—such as fraudulent transfers or failure to keep records—but the section does not appear to have been drafted to deter the particular litigation abuses covered by Rules 9011 and 56(g).

## B.

■ Additionally, the bankruptcy court opined that costs should not be added to the burdens of "an already financially troubled Debtor." (R. at 2945.) In reviewing this factual statement for clear error, we observe that it is not so much untrue as it is vague. Aside from the truism that debtors in Chapter 7 are usually "financially troubled," it is far from clear what the bankruptcy court meant to say about the financial state of these debtors. Neither the briefs nor the bankruptcy court opinion makes clear how much debt saddles the debtors or whether these debtors can pay whatever they owe.[9]

We have discovered some early authority, decided under the Bankruptcy Act of 1898, to deny a motion for costs against a debtor when that debtor cannot possibly pay them. *In re Kyte,* 189 F. 531, 522 (D.Pa.1911) ("It does not appear that the bankrupt has any property or means whereby the costs could be realized...."). We agree that, in its sound exercise of discretion, a bankruptcy court could deny costs if it would be futile to award them.[10] Here, however, the bankruptcy court's self-evident statement that the debtors are "financially troubled" does not sufficiently indicate an inability to pay costs that would justify the refusal to tax costs against a litigant who proceeded in bad faith.

We will therefore reverse the denial of costs.

## V.

For the foregoing reasons, we will reverse that part of the district court's judgment that affirmed the denial of attorney's fees and costs and remand the case to the district court so that the bankruptcy court may determine and impose an appropriate sanction under Bankruptcy Rule 9011, determine and impose fees and costs under Federal Rule of Civil Procedure 56(g), and—unless it would be futile to do so—determine and impose costs pursuant to Bankruptcy Rule 7054(b).

ROTH, Circuit Judge, concurring.

I write separately because I differ from the conclusion of the majority that they need not address the issue of "inherent powers." Because Stuebben sought attorney's fees and costs not only pursuant to Bankruptcy Rules 7054, 7056, and 9011, but also pursuant to the court's "inherent power" to impose sanctions, I conclude that the bankruptcy court abused its discretion by failing to articulate its reason, if any, for not invoking its inherent sanctioning powers.

My conclusion subsumes a determination first of all that bankruptcy courts do possess inherent powers to sanction. I find authority for this position in the Supreme Court's discussion in *Chambers v. NASCO,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). I consider it logical that a bankruptcy court, like any other court of justice, is "vested, by [its] very creation, with power to impose silence, respect, and decorum, in [its] presence, and submission to [its] lawful mandates." *Id.* at ——, 111 S.Ct. at 2132 (citations omitted). Such power " 'is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

---

9. For example, we cannot discern whether the debtors still owe Stuebben over eight hundred thousand dollars on a promissory note or if that amount was covered by a release of claims signed in 1987. (R. at 308.)

10. Although courts within the Third Circuit have not yet addressed a 7054(b) award of costs in a published opinion, we note that courts elsewhere have denied costs because of a complete absence of bad faith or frivolity, *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.),* 135 B.R. 659, 670–71 (Bankr. D.Colo.1991), because of a prevailing party's unnecessary multiplication of proceedings and meritless motions, *Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.),* 94 B.R. at 624, or because the party seeking costs was not technically a "prevailing party," *In re Robertson,* 105 B.R. 504, 507 (Bankr.D.Minn.1989). Costs have been taxed in favor of a prevailing party without explanation, *Members Credit Union v. Kellar (In re Kellar),* 125 B.R. 716, 721–22 (Bankr. N.D.N.Y.1989), and costs have been taxed in favor of a party prevailing on a motion to disqualify an attorney who—having been disqualified twice before—should have known the ethical standards, *In re Kujawa,* 112 B.R. 968, 973 (Bankr.E.D.Mo.1990).

achieve the orderly and expeditious disposition of cases.' " *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). Indeed, citing these statements from *Chambers*, the Court of Appeals for the Fifth Circuit has concluded that a "bankruptcy court has the inherent power to award sanctions for bad-faith conduct in a bankruptcy court proceeding." *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir.1991). I agree.

Turning then to the nature of inherent powers, in addition to the authority for imposing sanctions contained in the Bankruptcy Rules, federal courts have an inherent power to sanction a party or an attorney who has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Chambers*, —— U.S. at ——, 111 S.Ct. at 2133 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975)); *see Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 504 (3d Cir.1991) ("[I]t is well established that courts have the power to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency, and to deter abuse of judicial process"), *cert. denied*, —— U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991). This power supplements other mechanisms that permit courts to impose sanctions and serves at least "to fill in the interstices" left between statutory sanctioning provisions and rules. *See Chambers*, —— U.S. at ——, 111 S.Ct. at 2134.

The bankruptcy court found that the debtors in the present case in fact fraudulently signed false documents, failed to disclose material information, and attempted to prevent their creditor from recovering assets. These activities might well require the imposition of sanctions to redress any "fraud [that] has been practiced upon [the court]." *Chambers*, at ——, 111 S.Ct. at 2133 (quotation omitted). While Rules 9011 and 7056 may provide the mechanisms to remedy all or most of the wrongs committed upon the court in the present case, this court has consistently demanded, when sanctions were permissible under multiple sanctioning powers, that "the resulting findings must appear with reasonable specificity in terms of the perceived misconduct and the sanctioning authority." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir.1990); *see Quiroga*, 934 F.2d at 505 (upholding award of attorneys fees under Title VII but remanding for consideration of sanctions under court's inherent powers).

I find that the bankruptcy court's failure to include any discussion of why it refused to use inherent sanctioning powers in the present case to be an abuse of its discretion. While a court's discretion in invoking those powers is substantial, *see Quiroga*, 934 F.2d at 505, discussion of its analysis is crucial both to insure that its discretion has not been abused and to inform properly the involved parties of the precise basis upon which any sanctions have been imposed. *See, e.g. Schake v. Colt Indus. Operating Corp. Severance Plan*, 960 F.2d 1187, 1193 (3d Cir.1992) (finding district court in error for "offering no explanation for its decision to award attorney's fees"); *Lony v. E.I. DuPont de Nemours*, 935 F.2d 604, 616–17 (3d Cir.1991) (remanding case for further consideration of Rule 11 motion); *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir.1986) (stating that "[b]ecause we are unable to determine whether the district court properly exercised its discretion, we will remand for an articulation of reasons"). Just as it is necessary for a court to explain why a particular sanction is appropriate under Rules 9011 and 7056, it is necessary to explain why invoking the court's inherent sanctioning powers would be inappropriate when the facts of a case suggest their use. Because the bankruptcy court made no such explanation, I believe the remand should include an instruction that the bankruptcy court articulate its reasons why it did not invoke its inherent sanctioning powers.