OPINION OF THE COURT
SMITH, Circuit Judge.
The Greater Pittsburgh Police Federal Credit Union (“FCU”), a creditor of debtor Harry J. Hilley, appeals from the judgment of the District Court affirming the Bankruptcy Court’s determination that Hilley’s debt to the FCU was dischargeable under Chapter 7 of the Bankruptcy Code. The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a) and 1334. We exercise appellate jurisdiction under 28 U.S.C. §§ 158(d) and 1291. “Our review of the District Court’s decision effectively amounts to review of the bankruptcy court’s opinion in the first instance.” In re Hechinger Inv. Co. of Delaware, 298 F.3d 219, 224 (3d Cir.2002). Accordingly, we review the bankruptcy court’s findings of fact for clear error and exercise plenary review over conclusions of law. In re Gioioso, 979 F.2d 956, 959 (3d Cir.1992).
Hilley borrowed substantial sums in April and July of 2002 from the FCU. In late August, Hilley’s wife resigned from her job, resulting in a significant loss of income. The following month, on September 10, 2002, Hilley filed for protection under Chapter 7 of the Bankruptcy Code. Based on these circumstances, the FCU initiated an adversary proceeding contending that the loans were not dischargeable under 11 U.S.C. § 523(a)(2)(A) because Hilley had misrepresented his ability to repay the money he had borrowed.[1]
Section 523(a)(2)(A) provides:
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt-
$ $ ^ ^ $
(2) for money ... or an extension, renewal, or refinancing of credit, to the extent obtained by-
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s ... financial condition^]
11 U.S.C. § 523(a)(2)(A). To obtain relief under this statutory provision, a creditor must prove its claim by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Central to a § 523(a)(2)(A) claim is that there must be a misrepresentation. Field v. Mans, 516 U.S. 59, 66, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).
At trial, the FCU argued that Hilley had impliedly misrepresented his ability and his intent to repay the loans he had borrowed. To support its claim, the FCU relied on the proximity of time between when Hilley borrowed the money, his wife’s resignation from her job, and the date Hilley filed for bankruptcy.
The Bankruptcy Court recognized that the FCU was proceeding under two distinct theories: (1) that Hilley impliedly misrepresented his ability to repay his loans; and (2) that Hilley impliedly misrepresented his intent to repay his loans. The first claim was not viable, the *83 Bankruptcy Court explained, because Hilley’s implied misrepresentation concerning his ability to pay concerned his “financial condition” and such misrepresentations do not support a cause of action for nondischargeability under the express language of the statute. See 11 U.S.C. § 523(a)(2)(A) (a “discharge ... does not discharge an individual debtor from any debt — (2) for money ... to the extent obtained by — (A) false pretenses, a false misrepresentation, or actual fraud, other than a statement respecting the debtor’s ... financial condition”). The latter claim, though viable, failed because the evidence did not preponderate in favor of the FCU. The Court explained that the evidence to support the FCU’s allegation that Hilley misrepresented his intent to repay was “at least as likely” to compel the conclusion “that the Debtor did not know when he borrowed the money in question from the Credit Union that he was going to file for bankruptcy.” As additional support for its finding, the Bankruptcy Court pointed out that Hilley had made all of his monthly installment payments prior to filing for bankruptcy, and that he had not consulted counsel regarding filing a petition until early September.
The District Court recognized that whether Hilley committed fraud under § 523(a)(2)(A) was a question of fact. In light of the evidence, the District Court concluded that the Bankruptcy Court’s findings were not clearly erroneous. Although the FCU argues that the Bankruptcy Court erred in finding that the evidence preponderated in Hilley’s favor, we find no such error. Accordingly, we will affirm the judgment of the District Court.

. The FCU also asserted that Hilley’s obligations were not dischargeable under § 523(a)(2)(B). A claim under this provision requires proof of a misrepresentation in writing. 11 U.S.C. § 523(a)(2)(B). Because the FCU did not challenge any written representations made by Hilley, the Bankruptcy Court concluded that its claim under § 523(a)(2)(B) failed. The FCU did not challenge this aspect of the Bankruptcy Court's decision.