995 F.2d 1063
 25 Fed.R.Serv.3d 1307
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: PSLJ, INC., Debtor.
William H. COFFEY, Plaintiff-Appellant,
and
Herbert A. TERRELL, Plaintiff,
v.
PSLJ, INC., Defendant-Appellee.
 No. 91-1097.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: June 7, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CV-90-2437, BK-86-2426-5-S)
 Herbert A. Terrell, Washington, D.C., for Appellant.
 Curtis C. Coon, Cohan & Francomano, P.C., Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Coffey, the plaintiff in this bankruptcy action, and Herbert Terrell, his attorney, appeal from an order of the district court affirming the bankruptcy court's award of deposition costs to the prevailing party, and refusing to entertain an appeal from a district court contempt order. Because the record on appeal does not show that the bankruptcy court abused its discretion in awarding costs, and because Terrell did not properly file a notice of appeal to this Court from the contempt order, we affirm the district court in part, and dismiss the appeal insofar as it concerns the contempt conviction.
 
 
 2
 During a recess in a trial in U.S. bankruptcy court, Terrell filed a separate action in the U.S. district court against the same parties as in the pending case, based on the same facts, requesting to stay a distribution to creditors by the debtor-in-possession, PSLJ, Inc. Advance permission for filing the suit was not obtained from the bankruptcy court in violation of the automatic stay provisions of 11 U.S.C. § 362 (1988), nor was counsel for PSLJ notified in advance that such a suit would be filed. The district court denied the stay.
 
 
 3
 The bankruptcy court found that Terrell had failed to furnish sufficient justification for filing the separate action. On August 20, 1990 it recommended that the district court find Terrell to be in contempt of court and fine him one thousand dollars. On that same date, the bankruptcy court awarded deposition costs and counsel fees to PSLJ, as the prevailing party in the bankruptcy action. On August 24, 1990, without waiting to receive Terrell's objections, the district court entered an order signed by Judge Garbis on August 21, finding Terrell in contempt, and ordering him to pay the fine upon the recommendation of the bankruptcy court. Terrell's objections were filed in the bankruptcy court on August 31.
 
 
 4
 On August 28 and August 30, 1990, Terrell filed notices of appeal in the bankruptcy court appealing to the district court the August 20 award of costs and attorney's fees to PSLJ on behalf of Coffey, and purporting to appeal on his own behalf from the Order finding him in Contempt of Court. On September 21, Terrell filed a different document in the bankruptcy court entitled "Notice of Appeal From the Order Finding Counsel In Contempt of Court and Imposing Fine" purporting to appeal to this Court from the "Orders finding him in contempt of court, dated August 20, 1990 and August 24, 1990." Terrell's signature does not appear on the copy of this document included in the Joint Appendix. The district court record does not indicate that this document was ever transmitted to the district court by the bankruptcy court.
 
 
 5
 On January 10, 1991, Judge Howard, for the district court, vacated the bankruptcy court's award of attorney's fees, but affirmed the award of deposition costs to PSLJ. While noting the absence of record evidence that the depositions were necessary, the district court based its decision, in part, on the failure of Coffey to oppose the motion for costs in the bankruptcy court. Although Terrell's designation of the record on appeal to the district court purports to designate a document entitled "Opposition to the Debtor's Motion for Sanctions, Attorney's Fees and Costs," this document was not transmitted by the bankruptcy court to the district court. There is no indication in the bankruptcy court's docket sheets that any such document was ever filed.
 
 
 6
 Judge Howard also dismissed the appeal insofar as it concerned the contempt finding, noting that the district court does not have jurisdiction to entertain an appeal from a district court decision. Coffey and Terrell noted a timely appeal from the district court's January 10 order. PSLJ declined to participate in this appeal.
 
 
 7
 Under Bankruptcy Rule 7054, the bankruptcy court may award costs to the prevailing party at its discretion unless a statute or rule provides otherwise. In re Aviva Gelato, Inc., 94 B.R. 622, 623-24 (Bankr. 9th Cir. 1988), aff'd without op., 930 F.2d 26 (9th Cir. 1991). When PSLJ formally filed for costs and fees, Terrell and Coffey were notified of the possibility of the award, and should have filed a responsive pleading asserting lack of necessity as an affirmative defense or avoidance. See Bankr. R. 7008; Fed. R. Civ. P. 8(c).
 
 
 8
 There is no evidence-beyond Terrell's designation of the record on appeal to the district court-that Terrell filed any opposition in the bankruptcy court. Terrell did not see fit to have a copy of this alleged opposition included in the record on appeal to this Court. We therefore adopt the district court's finding that no such opposition was filed. In the absence of opposition, it was not an abuse of discretion for the district court to have granted PSLJ's motion for costs. Cf. In re Southland Supply, Inc., 657 F.2d 1076, 1079 (9th Cir. 1981) (appellate court will not review an issue not raised or objected to in bankruptcy court unless necessary to prevent manifest injustice).
 
 
 9
 In view of the fact that the bankruptcy court's contempt recommendations arose out of a non-core proceeding, see 28 U.S.C. § 157 (1988), Terrell argues that the district court should not have entered this order until after it had reviewed his written objections or upon the expiration of ten days. See Bankr. R. 9033(b). Whatever the merits of this argument, this Court's jurisdiction to consider it depends on whether Terrell filed a timely appeal. Given that the sanction in this case was payable to the court, that payment could not be avoided through the performance of an affirmative act, and that the sentence was "to vindicate the authority of the court," the penalty imposed by the district court was a sanction for criminal contempt. Securities & Exch. Comm'n v. Simpson, 885 F.2d 390, 395 (7th Cir. 1989). The August 24 order was therefore an immediately appealable final order. Id. at 395 n. 7. Under the most liberal interpretation of the applicable law, Terrell should have appealed within thirty days of the district court's final order.* To the extent that Terrell's August 28 and August 30 notices filed in bankruptcy court purport to appeal the finding of contempt to the district court, they were entirely ineffective because the district court had already entered a final order holding Terrell in contempt. Bankr. R. 8001(a). Terrell's April 9, 1991 notice of appeal falls well outside the maximum thirty-day period to appeal. Consequently, this Court would have jurisdiction to entertain Terrell's appeal only if it determined that Terrell's notice filed in the bankruptcy court on September 21, 1990 properly invoked its jurisdiction.
 
 
 10
 Fed. R. App. P. 4(a) specifies that a notice of appeal "shall be filed with the clerk of the district court." This Court has emphasized that a litigant "can perfect a filing only by following the precise requirements of the applicable rule." Myers v. Stephenson, 748 F.2d 202, 204 (4th Cir. 1984). A clerk of the bankruptcy court is not a clerk of the district court. Therefore, we find that the September 21, 1990, notice of appeal failed to invoke this Court's jurisdiction.
 
 
 11
 The district court's award of costs is affirmed, and Terrell's appeal of his contempt conviction is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART
 
 
 *
 For the purposes of this appeal, we assume that the 10-day time limitation of Fed. R. App. P. 4(b) is inapplicable in this case. See Fed. R. App. P. 6; Nye v. United States, 313 U.S. 33, 44 (1941); Fed. R. App. P 4(b) advisory committee note