In re: U.S. INVESTORS COMPANY OF AMERICA, dba Trans National Express, Debtor.

Henry L. Wheeler, Successor Trustee, Appellant,

v.

Bruno Dispoto Company; Patsy Dispoto, executor of the estate of Bruno Dispoto, Appellees.

No. 00–15105, EC–98–01231–RBMA.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2001*.

Decided Feb. 23, 2001.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

## MEMORANDUM **

 The issues presented in this entirely factual appeal are subject to clear error

review. *See In re Kaypro*, 218 F.3d 1070, 1073 (9th Cir.2000). Nothing in the record of this appeal suggests that the bankruptcy judge clearly erred in weighing the evidence.

To establish that the transfers to Dispoto were avoidable as preferential under the Bankruptcy Code, the trustee had to prove, *inter alia*, both that (1) Dispoto was an insider, and (2) the transfers were made while the debtor was insolvent. 11 U.S.C. § 547(b)(3), (b)(4)(B). The Bankruptcy Court found that the trustee had failed to prove either element. This finding was supported by evidence and was not clear error.

The trustee argues that several of the transfers were constructively fraudulent under 11 U.S.C. § 548(a)(2)(B). To prevail on this claim, trustee had to prove that the debtor was insolvent at the time of the transfers (or became insolvent as a result of the transfers), and that the debtor received less than a reasonably equivalent value for the transfer. The trustee did not prove insolvency at the time of the transfers, and nothing in the record demonstrates that these transfers caused the debtor to become insolvent. The question of reasonably equivalent value is a factual issue for the bankruptcy court, and we find no clear error.

For the same reason, the trustee's argument that the bankruptcy court erred by failing to find that all of the transfers were made with fraudulent intent and with intent to hinder or delay also fails. So, too, does the trustee's contention that the bankruptcy court erred because it did not refer to the transfers to Republic National Bank. The bankruptcy court made general findings of fact that the "subject transfers

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

were for, or on account of, an antecedent debt owed by the debtor before the subject transfers were made," and that the "plaintiff has failed to prove that at the times the transfers were made the debtor was insolvent." Since the Republic National Bank transfers were part of the plaintiff's amended complaint, they are clearly "subject transfers" for the purposes of the bankruptcy court's findings.

Appellant also objects to the bankruptcy court's statement that the trustee "was extremely negligent" in failing to promptly secure corporate records upon her appointment, and that she engaged in "dilatory conduct." These statements are pure dicta and do not control the outcome of this dispute. Moreover, these references, to Ellen Briones (the original trustee) and not to Henry Wheeler (the current trustee), do not justify reversal.

We affirm the bankruptcy court's award of costs under Federal Rule of Bankruptcy Procedure 7054(b). We review for abuse of discretion, *In re Aviva Gelato, Inc.*, 94 B.R. 622, 624 (9th Cir.BAP 1988), and plaintiff has not made a sufficient showing that the bankruptcy court abused its discretion.

Finally, although we deny appellee's request for sanctions, we note that this appeal raises only factual issues that were twice decided against the appellant. Cases such as this sorely test the patience of the appellate courts, and we urge counsel to consider more carefully the decision to take an appeal.

The judgment of the Bankruptcy Appellate Panel is AFFIRMED.