In re Kenneth R. MELVIN & Bobbie Melvin, Debtors.

Kenneth R. MELVIN & Bobbie Melvin, Plaintiffs,

v.

REPUBLIC NATIONAL BANK OF MIAMI, Defendant.

Bankruptcy No. 81–00732–BKC–TCB.
Adv. No. 81–0221–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

July 13, 1981.

Bernard Rappaport, Miami, Fla., for debtors.

Robert B. Green, Miami, Fla., for defendant.

William Seidle, trustee.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Debtors seek the avoidance of a judgment lien against their home under 11 U.S.C. § 522(f)(1). (C.P. No. 1). The defendant lienor has answered. (C.P. No. 4). The matter was tried before me on July 9, 1981.

The facts were stipulated at trial. Defendant obtained and perfected a judgment lien for $6,986 against the debtors on August 23, 1977. Debtors then owned their present home, which then and now qualifies as a homestead under Article X, § 4(a)(1),

Florida Constitution, which provides that no judgment shall be a lien against the homestead, with certain exceptions not applicable here. Debtors have duly claimed the exemption of their home.

■ Defendant's only pleaded defense is that the debtor's property may be foreclosed by a third party who holds a purchase money mortgage and there might be a surplus at the judicial sale which would be subject to defendant's judgment lien. I reject this defense, because the judgment lien did not attach to the debtors' home (or so far as this record reflects, any other property) before bankruptcy. Therefore, a bankruptcy discharge will effectively eliminate any further vitality in the judgment and the judgment lien. Under § 55.145, Florida Statutes, the judgment may be cancelled in the State court if that should prove necessary. *Albritton v. General Portland Cement Co.*, Fla.1977, 344 So.2d 574, 576–577.

■ At the same session, this matter was presented for trial, these debtors presented a companion case seeking identical relief under identical circumstances against another judgment lien creditor whose lien, like this one, vested before the enactment date of § 522(f)(1). I have held in that case (13 B.R. 96) that § 522(f)(2) cannot be constitutionally applied to a creditor's security interest which vested before the enactment date of the section in question. I adopt by this reference the discussion in that decision as being equally applicable here.

It follows that the complaint must be dismissed with prejudice and, as is required by B.R. 921(a), a separate judgment will be entered to that effect.