**MASSACHUSETTS BOARD OF REGISTRATION IN PHARMACY, et al., Defendants–Appellants,**

v.

**DRUG ASSIST HEALTH SOLUTIONS, INC., d/b/a Shoppers Drug, Plaintiff–Appellee.**

**C.A. No. 05–30224 MAP.**

United States District Court, D. Massachusetts.

Jan. 31, 2006.

James J. Arguin, Attorney General's Office, Commonwealth of Mass. Government Bureau, Sookyoung Shin, Attorney General's Office, Boston, MA, for Appellees.

George I. Roumeliotis, Hendel, Collins & Newton, Springfield, MA, for appellant.

### *MEMORANDUM AND ORDER*

PONSOR, District Judge.

This is an appeal of an order issued by the Bankruptcy Court on August 12, 2005 granting preliminary injunctive relief to Appellee, Drug Assist Health Solutions, Inc. d/b/a Shoppers Drug ("Drug Assist"). The preliminary injunction enjoined Defendants, and specifically the Massachusetts Board of Registration in Pharmacy ("Board"), "from taking or continuing any act ... to enforce against Drug Assist Health Solutions, Inc.... the final decision and revocation order of the Board of Registration in Pharmacy ... of May 27, 2005 revoking [Drug Assist's] pharmacy license ...."

The issuance of the preliminary injunction violated 11 U.S.C. § 362(b)(4), which states that the filing of a bankruptcy peti-

tion does not stay "the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ... police and regulatory power." As the First Circuit recently explained:

> This exception discourages debtors from submitting bankruptcy petitioners either primarily or solely for the purpose of evading impending governmental efforts to invoke the governmental police powers to enjoin or deter ongoing debtor conduct which would seriously threaten the public safety and welfare ....

*In re McMullen,* 386 F.3d 320, 324–25 (1st Cir.2004).

In this case, the action of the Board in revoking the pharmacy license of Drug Assist was clearly an expression of governmental regulatory power intended, in the Board's mind, to enjoin conduct threatening the public welfare. It is all but conceded that the filing of the bankruptcy petition was intended to assist the debtor in evading or postponing the impact of the license revocation. In these circumstances, the effort by counsel for Drug Assist to invoke 11 U.S.C. § 105(a), and to argue that the Bankruptcy Court's equitable powers supported issuance of the preliminary injunction, is unpersuasive. This interpretation of § 105(a) would eviscerate § 362(b)(4) and undercut the holding in *In re McMullen.*

For the foregoing reasons, the decision of the Bankruptcy Court of August 12, 2005 is hereby REVERSED. The Bankruptcy Court's preliminary injunction will stay in force, to allow sensible transition, only through February 28, 2006. Thereafter, the preliminary injunction will be void, and the revocation order of the Board will have full effect, unless it is stayed either by the Board itself or by the Massachusetts Supreme Judicial Court.

It is So Ordered.