FILED

JAN 06 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-12-1516-DKiTa |
| ) | |
| SEYED SHAHRAM HOSSEINI, ) | Bk. No.   SV 10-66228-WA |
| ) | |
| Debtor. ) | Adv. No. SV 10-01385-WA |
| _____ ) | |
| ) | |
| SEYED SHAHRAM HOSSEINI, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| KEY BANK, N.A., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted
at Pasadena, California on November 21, 2013

Filed - December 19, 2013
Ordered Published - January 6, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Hon. William V. Altenberger, Bankruptcy Judge, Presiding.

_____

Appearances: Denise M. Fitzpatrick, Esq. for Appellant, Seyed Shahram Hosseini; and Holly J. Nolan, Esq. for Appellee, Key Bank, N.A.

_____

Before:  DUNN, KIRSCHER, and TAYLOR, Bankruptcy Judges.

DUNN, Bankruptcy Judge:

The debtor, Seyed Shahram Hosseini, appeals the bankruptcy court's order 1) denying his motion for attorney's fees and 2) allowing only costs for service of process requested in his bill of costs.[1] We AFFIRM.

**FACTS**

Prepetition, the debtor obtained a total of $280,046.34 in student loans ("student loan debt") from Key Bank, N.A. ("Key Bank") to fund his medical school education. Despite several attempts, he was unable to pass the medical licensing exam. The debtor did not become a physician, as he had hoped, but instead became a night security guard earning only $13.50 per hour. He also was beset with various physical and mental ailments, including diabetes and depression.

The debtor filed a chapter 7 bankruptcy petition on May 24, 2010. He initiated an adversary proceeding to discharge the student loan debt under § 523(a)(8). Two years after Key Bank filed its answer in the adversary proceeding, the bankruptcy court held a trial. It granted judgment in the debtor's favor, discharging his entire student loan debt to Key Bank ("Discharge Order").

---

[1] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

The Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California are referred to as "LBR."

2

Shortly after the bankruptcy court entered the Discharge Order, the debtor filed a bill of costs ("Cost Bill") seeking a total of $4,960.39 in expenses incurred by his attorney, Denise Fitzpatrick, in the adversary proceeding.[2]  Along with the Cost Bill, he submitted a declaration by Ms. Fitzpatrick ("Cost Bill Declaration"), which included an itemization of each cost sought to be recovered by him ("Cost Bill Itemization").

According to the Cost Bill Itemization, the debtor sought $101.20 for copying and printing (mostly for documents served electronically), $20.90 for faxing (all for evidentiary documents from the debtor to Ms. Fitzpatrick), $107.74 for "service of process" (postage for service of summons, status reports and other documents mailed by Ms. Fitzpatrick), and $4,730.55 for miscellaneous costs (consisting of messenger service fees, online software purchases, exhibit preparation costs, transportation costs for Ms. Fitzpatrick's meetings with co-counsel and/or the debtor, "research and document retrieval" costs, phone charges for a status conference through Court Call, a $2,500 "consultant fee" to Charles Murray[3] ("Murray consultation fee"), and a $500

---

[2]  The debtor initially sought $6,210.39 in costs.

[3]  Ms. Fitzpatrick employed Mr. Murray as a "consultant" to help her during trial.  She filed a notice of association of counsel on July 17, 2012, indicating that Mr. Murrary was co-counsel in the adversary proceeding.  According to Ms. Fitzpatrick, Mr. Murray "did the oral arguments" at trial.
The bankruptcy court determined that Mr. Murray was not a consultant but an attorney as he "[had] tried the case."  Tr. of September 10, 2012 Hr'g, 29:4.  The bankruptcy court therefore found that the $2,500 "consultant fee" for Mr. Murray actually
(continued...)

3

fee to Hector Vega for "[consultation] and appearance – necessary to obtain trial continuance and prevent dismissal").[4]

The debtor also filed a motion for allowance of attorney's fees ("Attorney Fee Motion"), seeking a total of $110,701.50 "for reasonable and necessary fees incurred [by Ms. Fitzpatrick] in [the adversary proceeding]."[5]

In support of the Attorney Fee Motion, the debtor relied on a provision ("fee provision") in the promissory note for the student loans ("promissory note"), which he claimed authorized him to seek attorney's fees as the prevailing party in the adversary proceeding.[6]  The fee provision stated:

---

[3](...continued)
was an attorney's fee to be included in the Attorney Fee Motion.

[4] Ms. Fitzpatrick failed to appear at the trial set for April 25, 2012.  She had Mr. Vega specially appear to represent the debtor in her stead.  It seems that the $500 fee to Mr. Vega was for his special appearance at the April 25, 2012 hearing.

[5] In her declaration filed in support of the Attorney Fee Motion ("Attorney Fee Declaration"), Ms. Fitzpatrick claimed that she spent a total of 316.29 hours litigating the adversary proceeding.  She attached to her declaration an "attorney time log" that described the various tasks she performed, the time spent on each task and the amount due.

[6] The debtor also referenced LBR 7054-1(g)(1), which allows a prevailing party to file a motion for an award of attorney's fees where such fees may be awarded, within 30 days after entry of judgment.
LBR 7054-1(g) provides:
(1)  If not previously determined at trial or other hearing, a party seeking an award of attorneys' fees where such fees may be awarded must file and serve a motion not later than 30 days after the entry of judgment or other final order, unless otherwise ordered by the court.
(continued...)

4

When and as permitted by applicable law, I [the borrower] agree to pay your [the lender] reasonable amounts, including reasonable attorney's fees for any attorney who is not your regularly salaried employee and court and other collection costs, that you incur in enforcing the terms of the [promissory] Note if I am in default.

He further relied on California Civil Code ("Civil Code") § 1717, arguing that Civil Code § 1717 reinforced the fee provision through reciprocity.[7] According to the debtor, Civil Code § 1717 "requires payment of attorney fees to prevailing

_____

[6](...continued)

(2)   The requirements of LBR 9013-1 through LBR 9013-4 apply to a motion for attorneys' fees under this rule.

[7]   Civil Code § 1717 provides, in relevant part:

(a)   In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.

Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section.   Any provision in any such contract which provides for a waiver of attorney's fees is void.

5

parties when attorney fees are afforded to any contracting party."

Key Bank opposed the Cost Bill, contending that the debtor could not recover certain costs because they were not allowed under LBR 7054-1. Specifically, it opposed the debtor's request for recovery of costs for every copy ever made in the adversary proceeding because LBR 7054-1 allowed recovery of costs of copies of documents admitted into evidence only if the original documents were not available. It further opposed recovery for postage, Court Call charges, fax charges, messenger and delivery charges, software costs, transportation costs, PACER research charges and the Murray consultation fee because LBR 7054-1 did not include such expenses as recoverable costs.

Key Bank also opposed the Attorney Fee Motion, arguing that there was no statutory basis for an award of attorney's fees under § 523(a)(8) as required under the American Rule.

Key Bank also contended that the fee provision only applied to actions seeking to enforce the terms of the promissory note. Here, the debtor had initiated the adversary proceeding to discharge his student loan debt under § 523(a)(8), not to enforce the promissory note's terms. The debtor therefore could not seek attorney's fees because he prevailed on a claim to relieve himself from his debts under federal law, not on a Key Bank claim to recover following a default under the promissory note.

Key Bank further asserted that Civil Code § 1717 did not apply because the promissory note contained a provision stating that Ohio law, not California law, governed the prevailing party's recovery of attorney's fees ("governing law provision").

6

Specifically, the governing law provision stated:

I understand and agree that (i) you are located in Ohio, (ii) that this Note will be entered into in Ohio and (iii) that your decision on whether to lend me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which the subsequent holder maintains its) principal place of business.

On September 10, 2012, the bankruptcy court held a hearing on the Cost Bill and the Attorney Fee Motion.

After hearing extensive argument from counsel, the bankruptcy court first addressed the Cost Bill. The bankruptcy court agreed with Key Bank that LBR 7054-1 allowed for the recovery of filing fees and certain of the service of process fees, but not for the other fees requested by the debtor.

The bankruptcy court then turned to the Attorney Fee Motion. It began by recognizing that, under the American Rule, a prevailing party may not recover attorney's fees unless there was a statute or a contract authorizing such recovery. The bankruptcy court acknowledged that the fee provision allowed Key Bank to recover any attorney's fees incurred in enforcing the terms of the promissory note if the debtor defaulted. It also acknowledged that Civil Code § 1717 provided that, in any action on a contract where the contract specifically provided for the recovery of attorney's fees incurred by the prevailing party to enforce the contract, the prevailing party was entitled to recover reasonable attorney's fees. The bankruptcy court noted that Key Bank did not dispute that if it could recover attorney's

7

fees as the prevailing party, the debtor also could recover attorney's fees if he were the prevailing party.[8]

The bankruptcy court ultimately decided that the debtor was not entitled to recover attorney's fees under the American Rule. In making its determination, the bankruptcy court focused on the purpose of the adversary proceeding. It emphasized that the debtor initiated the adversary proceeding to discharge his student loan debt to Key Bank, not to enforce the terms of the promissory note or contest the amount of the debt to Key Bank. Because the sole legal basis for recovery of attorney's fees did not apply – i.e., the fee provision – the bankruptcy court denied the Attorney Fee Motion.

On September 26, 2012, the bankruptcy court entered an order on both the Cost Bill and the Attorney Fee Motion ("Cost and Fee Order"). In the Cost and Fee Order, the bankruptcy court allowed the debtor $10.82 in costs for service of process but denied all other costs.[9] It denied the Attorney Fee Motion in its entirety.

---

[8] The bankruptcy court also observed:

> No matter how you look at this or how you cut it, [the amount was] way too much in the way of attorney's fees in a case for hardship, to have his student loans declared to be a hardship, and therefore, dischargeable.
> It's either a case of over-lawyering, or a case where the lawyer was not familiar with bankruptcy law or bankruptcy trials, because there's no way that a two-hour trial or three-hour trial, should require preparation time and trial time that totals $125,000.

Tr. of September 10, 2012 Hr'g, 30:23-25, 31:1-6.

[9] Although it allowed the debtor to recover filing fees and
(continued...)

The debtor timely appealed the Cost and Fee Order.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

(1) Did the bankruptcy court abuse its discretion in allowing $10.82 in costs for service of process only?

(2) Did the bankruptcy court abuse its discretion in denying the Attorney Fee Motion in its entirety?

**STANDARDS OF REVIEW**

We review a bankruptcy court's refusal to award attorney's fees for an abuse of discretion. Renfrow v. Draper, 232 F.3d 688, 693 (9th Cir. 2000); Dinan v. Fry (In re Dinan), 448 B.R. 775, 783 (9th Cir. BAP 2011). We also review a bankruptcy court's allowance or disallowance of costs for abuse of discretion. Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc., --- F.3d ---, 2013 WL 6670795 at *2 (9th Cir. 2013); Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.), 94 B.R. 622, 624 (9th Cir. BAP 1988), aff'd, 930 F.2d 26 (9th Cir. 1991)(table). We also review its rulings regarding the local rules for abuse of discretion. Kalitta Air LLC, 2013 WL 6670795 at *2.

We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v.

---

[9](...continued) costs for service of process, the bankruptcy court noted that the debtor was not required to pay the filing fee for the adversary proceeding. It therefore determined the amount for filing fees to be zero.

9

_Hinkson_, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).  First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested."  _Id._ Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard.  _Id._ at 1262 & n.20.  A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record.  _TrafficSchool.com, Inc. v. Edriver Inc._, 653 F.3d 820, 832 (9th Cir. 2011).

We review de novo the bankruptcy court's decision to deny attorney's fees under state law.  _See_ _Dinan_, 448 B.R. at 783 (citing _Bertola v. N. Wis. Produce Co., Inc. (In re Bertola)_, 317 B.R. 95, 99 (9th Cir. BAP 2004)).

We may affirm on any ground supported by the record.  _Shanks v. Dressel_, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

A.   Cost Bill

Rule 7054(b) provides in relevant part: "The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides."  Rule 7054(b) arises from Civil Rule 54(d)(1), which provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

Civil Rule 54(d)(1) appears mandatory in nature, as it states that costs "_should_ be allowed," unless it or federal statute or rule otherwise directs.  _See_ 10 _Collier on Bankruptcy_ ¶ 7054.05 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev.

10

2013)("[A]lthough ultimately leaving the question of costs to the discretion of the court, [Civil Rule 54(d)] provides that the court 'should' allow costs to the prevailing party unless it, a federal statute or a Civil Rule otherwise directs.")(hereinafter referred to as "Collier on Bankruptcy"). Nonetheless, Civil Rule 54(d)(1) generally grants a federal court discretion to refuse to tax costs in the prevailing party's favor. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

On the other hand, Rule 7054(b) is permissive in nature, as it states that the bankruptcy court "may allow costs." (Emphasis added.) See In re Aviva Gelato, Inc., 94 B.R. at 624 ("Although [Civil] Rule 54(d) appears to be more mandatory in nature than [Rule] 7054(b), the Ninth Circuit has consistently recognized that the trial court has discretion as to what costs to allow.")(citation omitted). See also 10 Collier on Bankruptcy ¶ 7054.05. Although it has broad discretion in determining whether to deny costs, the bankruptcy court must state its reasons for denying them. In re Aviva Gelato, Inc., 94 B.R. at 624.

The debtor contends that the bankruptcy court erred in limiting recoverable costs to those listed in the Court Manual pursuant to LBR 7054-1(d). Instead, according to the debtor, the bankruptcy court should have referenced 28 U.S.C. § 1920, which permits recovery of reasonable out-of-pocket expenses typically charged to clients by their attorneys.

We decline to consider the debtor's argument regarding 28 U.S.C. § 1920, as he did not raise it before the bankruptcy

11

court.[10] See Enewally v. Wash. Mut. Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir. 2004)("As a general rule, issues not presented to the trial court cannot generally be raised for the first time on appeal," unless one of the four recognized exceptions apply.)(quoting United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir. 1991)(internal quotation marks omitted)).

As for the bankruptcy court's reliance on LBR 7054-1, we conclude there was no error. The general rule is that the bankruptcy court's authority to tax a cost must come from "a federal statute or rule of court, or in the custom, practice and usage applicable in a particular district, and in some instances by the exercise of the court's general equitable discretion." 10 Collier on Bankruptcy ¶ 7054.05. According to LBR 1001-1(b)(2), the Local Bankruptcy Rules "apply to all bankruptcy cases and proceedings . . . pending in the United States Bankruptcy Court for the Central District of California."

Here, the bankruptcy court's authority to allow or deny costs arose from the local rules of its district. It therefore could allow such costs within the parameters of the local rules – specifically, those costs listed in the Court Manual pursuant to LBR 7054-1(d).

LBR 7054-1 provides, in relevant part:

a.   Who May Be Awarded Costs. When costs are allowed by the FRBP or other applicable law, the court may

---

[10]   Moreover, considering 28 U.S.C. § 1920, the Ninth Circuit recently held that "the better course is to hew closely to the statute's language, scheme and context, recognizing that § 1920 is narrow, limited and modest in scope." Kalitta Air LLC, ----  F.3d ----, 2013 WL 6670795 at *3 (citing Taniguchi v. Kan Pacific Saipan, Ltd., 132 S.Ct. 1997, 2006 (2012)).

12

award costs to the prevailing party. No costs will be allowed unless a party qualifies as, or is determined by the court to be, the prevailing party under this rule. Counsel are advised to review 28 U.S.C. § 1927 regarding counsel's liability for excessive costs.

. . . .

d.   Items Taxable as Costs. A list of the items taxable as costs is contained in the Court Manual available from the clerk and on the court's website.

. . . .

Section 2.8 of the Court Manual for the United States Bankruptcy Court for the Central District of California provides, in relevant part:

2.8  Miscellaneous

. . .

(d)  Bill of Costs [LBR 7054-1].

A bill of costs filed electronically or non-electronically must comply with LBR 7054-1. The prevailing party who is awarded costs must file and serve a bill of costs not later than 30 days after entry of judgment. Each item claimed must be set forth separately in the bill of costs.

(e)  Items Taxable as Costs. Pursuant to LBR 7054-1, the following items are taxable as costs:
(1)  Filing Fees. The clerk's filing fees;
(2)  Fees for Service of Process. Fees for service of process (whether served by the United States Marshal or in any other manner authorized by FRBP 7004);
(3)  United States Marshal's Fees. Fees of the United States Marshal collected and taxed as costs pursuant to 28 U.S.C. § 1921;

(4)  Clerk's Fees. Fees for certification of documents necessary for preparation for a hearing or trial; and
(5)  Transcripts and Digital Recordings. The costs of the original and one copy of all or any part of a trial transcript, daily transcript, or a transcript of matters occurring before or after trial, if requested by the court or prepared pursuant to stipulation. The cost of a

13

digital recording, if requested by the court or obtained pursuant to stipulation.

(6)  <u>Depositions</u>.  Costs incurred in connection with taking depositions, including:

.  .  .

(7)  <u>Witness Fees</u>.  Fees paid to witnesses

.  .  .

(8)  <u>Interpreter's and Translator's Fees</u>. Fees paid to interpreters and translators .  .  .

(9)  <u>Docket Fees</u>.  Docket fees as provided by 28 U.S.C. § 1923.

(10)  <u>Certification, Exemplification, and Reproduction of Documents</u>.  Document preparation costs, including:

(A)  The cost of copies of an exhibit attached to a document necessarily filed and served;

(B)  The cost of copies of a document admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party;

(C)  Fees for an official certification of proof respecting the non-existence of a document or record;

(D)  Patent Office charges for the patent file wrappers and prior art patents necessary to the prosecution or defense of a proceeding involving a patent;

(E)  Notary fees incurred in notarizing a document when the cost of the document is taxable; and

(F)  Fees for necessary certification or exemplification of any document.

.  .  .

(12)  <u>Other Costs</u>.  Upon order of the court, additional items, including the following, may be taxed as costs:

(A)  Summaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the court or jury in understanding the issues at the trial;

(B)  Photographs, if admitted in evidence or attached to documents necessarily filed and served upon the opposing party; and

(C)  The cost of models if ordered by the court in advance of or during trial.

.  .  .  .  .

14

Reviewing the Cost Bill Itemization, we conclude that only one of the requested costs – the certified mail postage for service of the alias summons and notice of the status conference – was recoverable under LBR 7054-1(d).

Ms. Fitzpatrick listed costs for printing status reports, summons, orders, notices, responses to interrogatories, stipulations, briefs, declarations and exhibit lists, none of which qualify as document preparation costs under Section 2.8(e)(10) of the Court Manual.  She also listed costs for numerous faxes from the debtor, explaining that these faxes were "evidentiary documents."  Ms. Fitzpatrick failed to specify these "evidentiary documents" and to explain their purpose.  Given her lack of explanation, we only can assume that she printed documents and had documents faxed to her for her convenience or her records.  See, e.g., Fressell v. AT&T Tech., Inc., 103 F.R.D. 111, 116 (N.D. Ga. 1984)(denying successful defendant's request for photocopying charges "for the convenience, preparation, research, or records of counsel" under 28 U.S.C. § 1920).

She also listed postage for the service of various documents.  Section 2.8(e)(2) of the Court Manual allows for the recovery of postage fees for documents served in the manner required by Rule 7004.  Ms. Fitzpatrick included postage, not only for the alias summons, but for scheduling orders, responses to interrogatories, status reports, trial briefs and stipulations.  Rule 7004 only requires a particular manner of service for the summons and complaints.  See 10 Collier on Bankruptcy ¶ 7004.01.  The other postage costs are not covered under Section 2.8(e)(2) of the Court Manual.

Ms. Fitzpatrick further listed various miscellaneous costs, such as telephone charges, messenger services, transportation, online software purchases, research and document retrieval charges and fees for two attorneys. Again, none of these costs are listed in Section 2.8(e) of the Court Manual.

Based on the foregoing, we conclude that the bankruptcy court did not abuse its discretion in denying all but the service costs requested in the Cost Bill.

B.    Attorney's Fee Motion[11]

---

[11]    The debtor challenges the bankruptcy court's ruling on several grounds, which we've distilled down to two.

First, he argues that the bankruptcy court unfairly and erroneously relied on Krasinski v. Goldstein (In re Goldstein), 2011 WL 3608243 (Bankr. D. Ariz. 2011), an unpublished decision. According to the debtor, the bankruptcy court denied the Attorney Fee Motion based on the reasoning set forth in the Goldstein decision. The debtor claims that he could not effectively refute the reasoning in the Goldstein decision because he could not obtain a copy of the Goldstein decision. He further asserts that Goldstein was legally and factually distinguishable from the underlying matter.

Contrary to the debtor's assertion, the bankruptcy court did not rely on the Goldstein decision in denying the Attorney Fee Motion. Because Key Bank cited the Goldstein decision, the bankruptcy court believed it "[was] going to have to read this Goldstein opinion." Tr. of September 10, 2012 Hr'g, 27:16-17. Upon reading it, the bankruptcy court acknowledged that "in this case, we have a little slightly different situation [than that in the Goldstein decision]." Tr. of September 10, 2012 Hr'g, 34:1-2. The bankruptcy court took care to distinguish the instant matter from Goldstein, stressing that Key Bank did not "sue [the debtor]. It was [the debtor] who sought to have the debt declared [dischargeable]. There was no dispute under the contract as to whether he owed any sums or not. The dispute was whether this should be discharged as a hardship debt or not." Tr. of September 10, 2012 Hr'g, 34:3-8.

Second, the debtor contends that the bankruptcy court should have allowed his attorney's fees in full unless Key Bank
(continued...)

16

On appeal, the debtor mainly contends that the bankruptcy court erred in denying the Attorney Fee Motion by ignoring Civil Code § 1717.[12] He insists that Civil Code § 1717 applies.[13]

---

[11](...continued) demonstrated, through evidence, that they were unreasonable. However, the bankruptcy court would not get to reasonableness, unless it first determined that there was a statutory or contractual basis for an award of fees.

[12] The debtor also relies on Civil Code § 1021 in support of his argument. Because the debtor did not raise Civil Code § 1021 as an issue before the bankruptcy court, we decline to address it here. See Enewally, 368 F.3d at 1173.

[13] The debtor also claims that the bankruptcy court acknowledged the applicability of Civil Code § 1717 but misapplied it.

At the hearing, the bankruptcy court mentioned that the debtor relied on Civil Code § 1717. It also stated that it had "the California statute that says, okay, what's good for the goose is good for the gander, so to speak." Tr. of September 12, 2012 Hr'g, 32:18-20.

Given the bankruptcy court's reasoning as stated on the record at the hearing, we do not believe that the bankruptcy court applied Civil Code § 1717 at all. The bankruptcy court denied the Attorney Fee Motion because the legal basis for recovery of attorney's fees, the fee provision, did not apply as the adversary proceeding arose from a federal claim (i.e., § 523(a)(8)), not a contract claim.

Moreover, California courts uniformly have ruled that Civil Code § 1717 is to be narrowly applied, and is available to a party only if the dispute involves litigation of a contract claim. Santisas v. Goodin, 17 Cal. 4th 599 (Cal. 1998) ("[S]ection 1717 applies only to attorney fees incurred to litigate contract claims."). The BAP previously has relied upon Santisas on this specific issue. Redwood Theaters, Inc. v. Davison (In re Davison), 289 B.R. 716, 723 (9th Cir. BAP 2003)("[W]e will follow [the Santisas] holding and narrowly apply [Civil Code] § 1717 and approve attorney's fees only if the action involves a contract claim."). Based on California controlling law and BAP authority, we have held that Civil Code § 1717 only can be applied to attorney's fees disputes based on
(continued...)

17

We disagree. There simply is no statutory or contractual basis allowing the debtor to recover his attorney's fees here. Ordinarily, under the American Rule, a prevailing party may not recover attorney's fees except as provided for by contract or by statute. Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec., Co., 549 U.S. 443, 448 (2007); Dinan, 448 B.R. at 784.

No general right to recover attorney's fees exists under the Bankruptcy Code. Dinan, 448 B.R. at 784. Also, nothing in § 523(a)(8) authorizes a debtor to recover attorney's fees when he or she prevails in discharging his or her student loan debt.[14]

Interestingly, Ohio law has established that a contractual provision allowing for the recovery of attorney's fees to enforce a defaulted debt obligation is unenforceable as against public

---

[13](...continued) contract claims. Hamilton v. Charalambous (In re Charalambous), 2013 WL 3369299 at *5 (9th Cir. BAP 2013). We follow that holding here.

[14] In contrast, § 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection [523(a)(2)], and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Accordingly, it appears that Congress considered when it would be appropriate to award costs and attorney's fees to a prevailing debtor in dischargeability litigation and did not expressly allow for an award of fees to the prevailing debtor in § 523(a)(8) adversary proceedings.

18

policy.[15]  See Simons v. Higher Educ. Assistance Found., 119 B.R. 589, 593-94 (Bankr. S.D. Ohio 1990)(denying a student loan lender's request for attorney's fees incurred in litigating a debtor's § 523(a)(8) claim because, in Ohio, "stipulations in promissory notes providing for the payment of attorney's fees, arising in connection with the failure to pay the principal and interest balance at maturity, are contrary to public policy and are void," and "[n]o provision exists for the granting of attorneys' fees in proceedings brought pursuant to 11 U.S.C. § 523(a)(8)(B).")(citation omitted).  See also McLeod v. Diversified Collection Servs. (In re McLeod), 176 B.R. 455, 458 (Bankr. N.D. Ohio 1994)(quoting Simons, 119 B.R. at 593-94).

_____

[15]  According to the Ohio Supreme Court, although Ohio generally follows the American Rule, attorney's fees "may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees . . . or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant . . . ."  Wilborn v. Bank One Corp., 121 Ohio St. 3d 546, 548 (Ohio 2009)(citations omitted).  Contracts providing for payment of attorney's fees "are generally enforceable and not void as against public policy," so long as the parties to the contract entered into it freely (i.e., equal bargaining power was present and no indicia of compulsion or duress were present) and the fees awarded were fair, just and reasonable.  Id. at 548-49.

However, "contracts for the payment of attorney fees upon the default of a debt obligation are void and unenforceable."  Id. at 549.  "'It is the settled law of this state that stipulations incorporated in promissory notes for the payment of attorney fees, if the principal and interest be not paid at maturity, are contrary to public policy and void.'"  Id. (quoting Leavans v. Ohio Nat'l Bank, 50 Ohio St. 591 (Ohio 1893)(addressing foreclosure actions)).  That is, "a provision in a mortgage or promissory note that awards attorney fees upon the enforcement of the lender's rights when the borrower defaults, such as a foreclosure action that has proceeded to judgment, is unenforceable."  Id. at 550.

19

Moreover, as the bankruptcy court pointed out, the fee provision did not come into play here. The fee provision specifically states that Key Bank has the right to recover attorney's fees incurred in enforcing the promissory note's terms. However, the debtor had initiated the adversary proceeding under § 523(a)(8) to discharge the student loan debt, not to contest its terms or amount. As the bankruptcy court explained, the adversary proceeding was not "a contract dispute arising out of the borrowing on the [promissory] note," but "an action brought by the Debtor to have the debt declared [discharged]." Tr. of September 10, 2012 Hr'g, 34:12-13, 34:11-12.

Neither federal nor Ohio or California law authorizes the debtor to recover the attorney's fees he incurred in discharging his student loan debt under § 523(a)(8). Moreover, the fee provision did not come into effect as the thrust of the adversary proceeding was to discharge a student loan debt, not to enforce the promissory note's terms. Because the debtor has no statutory or contractual basis on which to recover attorney's fees, the bankruptcy court did not abuse its discretion in denying the Attorney Fee Motion.

## CONCLUSION

For the foregoing reasons, we conclude that the bankruptcy court did not abuse its discretion in allowing recovery of only the debtor's service costs and in denying recovery of the debtor's attorney's fees. We AFFIRM.