**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )   BAP No.   CC-15-1270-TaKuF
                                    )
HOLY HILL COMMUNITY CHURCH,         )   Bk. No.   2:14-bk-21070-WB
                                    )
                Debtor.             )   Adv. No.  2:14-ap-01744-WB
_____)
                                    )
DANA PARK,                          )
                                    )
                Appellant,          )
                                    )
v.                                  )   **MEMORANDUM**[*]
                                    )
RICHARD J. LASKI, Chapter 11        )
Trustee,                            )
                                    )
                Appellee.           )
_____)

Argued and Submitted on February 19, 2016
at Pasadena, California

Filed – March 7, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia W. Brand, Bankruptcy Judge, Presiding

_____

Appearances:    Marvin Levy argued for appellant Dana Park;
                Richard D. Buckley argued for appellee Richard J.
                Laski, Chapter 11 Trustee.

_____

Before:    TAYLOR, KURTZ, and FARIS, Bankruptcy Judges.

_____

    [*]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Appellant Dana Park commenced a post-petition action against the Debtor in California state court and without approval from the bankruptcy court. The chapter 11[1] trustee removed the action to the bankruptcy court, where the bankruptcy court dismissed the complaint with prejudice. The bankruptcy court subsequently awarded the trustee costs under Rule 7054(b) and sanctions under § 105(a) based on a finding that Park willfully violated the automatic stay.

We AFFIRM the bankruptcy court's willful stay violation determination. But we VACATE the judgment and REMAND to the bankruptcy court for entry of a modified judgment awarding costs under Rule 7054(b) in the amount of $385.41.

**FACTS[2]**

Pre-petition, the Debtor – a Presbyterian church - owned valuable real property located in Los Angeles, California (the "Property"). Internal discord between the church leadership,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure; all "Civil Rule" references are to the Federal Rules of Civil Procedure; and all "LBR" or "local rules" references are to the local rules for the United States Bankruptcy Court for the Central District of California.

[2] These parties were very recently before the Panel. In Park v. Laski (In re Holy Hill Community Church), 2016 WL 80032 (9th Cir. BAP Jan. 5, 2016) ("Holy Hill I"), Park appealed from the bankruptcy court's order dismissing, with prejudice, her complaint against chapter 11 debtor Holy Hill Community Church. We concluded that the appeal was moot and, in the alternative, that a merits analysis did not warrant reversal. We recount here only those facts most relevant to this appeal.

2

its membership, and its governing organization led to pre-petition litigation in California state court. Financial problems also existed. In June 2014, the Debtor filed a chapter 11 petition; the Trustee was appointed soon after.

Three months after the bankruptcy filing, Park commenced an action in state court against the Debtor and others (the "Quiet Title Action"). She sought to quiet title against the Debtor's claims to the Property as of the chapter 11 petition date, requested a declaration that the defendants did not have an interest of any type in the Property, and also requested injunctive relief preventing interference with her use of the Property. The complaint alleged broadly that Park held an interest in the Property based on a 2011 quitclaim deed naming an entity she controlled, Beverly Real Estate Investments LLC, as grantee. Park did not seek, let alone obtain, stay relief from the bankruptcy court prior to filing the complaint. The state court later determined that the quitclaim deed was invalid.

After learning of the action, the Trustee orchestrated his response and sent a letter to Park stating that the Quiet Title Action was a "serious violation of the automatic bankruptcy stay" and advising Park that she could be held in contempt and subject to sanctions as a result of the stay violation. He demanded that Park immediately dismiss the action and advised that he would take action against her if she did not do so.

Park did not heed the Trustee's demand. As a result, the Trustee removed the Quiet Title Action to the bankruptcy court and moved to dismiss the complaint under Civil Rule 12(b)(6),

3

without leave to amend, based on the issue preclusive effect of the state court order. The bankruptcy court granted the Trustee's motion, and Park appealed, initiating Holy Hill I.

While Holy Hill I was pending, the Trustee sold the Property pursuant to § 363. Given this change in circumstances, this Panel concluded that the Holy Hill I appeal was moot as to Park's claims for injunctive relief and quiet title. In re Holy Hill Cmty. Church, 2016 WL 80032, at *4.

The Trustee also filed the motion giving rise to this appeal; he sought civil contempt sanctions against Park pursuant to § 105(a) and an award of costs as the prevailing party in the adversary proceeding under Rule 7054(b).

The Trustee asserted that Park willfully violated the automatic stay when she filed the Quiet Title Action. The record is clear that Park did not obtain stay relief prior to doing so, and he argued that she was well aware of the bankruptcy as she filed a proof of claim in the bankruptcy case, met at least once with the Trustee and his counsel, and appeared at various status conferences. The Trustee pointed out that even after he advised her of the stay violation, she did not dismiss the Quiet Title Action. And he noted that the failure to remedy the stay violation continued even after a Rule 9011 letter. Consequently, the Trustee requested compensatory damages in the form of a fee and cost award.

The Trustee also argued that he incurred significant expenses in defending the Quiet Title Action and requested an award of costs under Rule 7054(b) as the prevailing party in the adversary proceeding.

4

Park opposed and focused on the allegation that she willfully violated the stay. She asserted that she filed the complaint in good faith and based only on the "suggestions and recommendations" of the Trustee and his counsel. According to Park, in doing so, neither the Trustee nor his counsel informed her that she needed to obtain stay relief. Park pointed out that she was not an attorney and asserted that she had no knowledge or expertise in bankruptcy law. Finally, she denied the Trustee's allegation that he subsequently reminded her of the import of the automatic stay.

In reply, the Trustee pointed out that Park did not address, much less dispute, his request for costs under Rule 7054(b). Turning to the stay violation, he noted that Park admitted she knew about the Debtor's bankruptcy case prior to filing the Quiet Title Action. And, he unequivocally denied Park's allegation that either he or his counsel advised Park to initiate stay violative litigation. He provided copies of correspondence evidencing that he requested dismissal and warned of the consequences of failing to do so. Finally, he charged that Park's alleged good faith was not a defense.

At the hearing, the bankruptcy court determined that Park had willfully violated the stay. In doing so, it did not find credible Park's assertion that the Trustee or counsel advised her to file a stay violative complaint. The bankruptcy court also stated that, even accepting Park's allegations as true, Park failed to remedy the stay violation after the Trustee advised her of the potential consequences if she did not dismiss the Quiet Title Action.

Notwithstanding, the bankruptcy court was unable to determine whether the Trustee's requested damages and costs were appropriate based on his failure to file an itemized billing statement. Trustee's counsel later supplied a supplemental declaration and itemized statements of the law firm's incurred fees and costs.

The bankruptcy court then entered a judgment and granted, in part, the Trustee's motion.[3] It awarded $11,858.15 in costs under Rule 7054(b). Park timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**[4]

Whether the bankruptcy court: (1) clearly erred in finding that Park willfully violated the stay; and (2) abused its discretion in awarding costs to the Trustee as the prevailing party in the adversary proceeding under Rule 7054(b).

**STANDARDS OF REVIEW**

Whether a party willfully violated the stay is a factual

---

[3] In doing so, the bankruptcy court engaged in a careful analysis of the requested billings to determine whether they really flowed from the stay violation. As a result, it awarded sharply reduced attorneys' fees and costs as a compensatory sanction under § 105(a).

[4] On appeal, Park does not challenge the amount of the sanctions issued against her; thus, she has waived that argument and we decline to exercise our jurisdiction and consider that aspect of the bankruptcy court's decision. See Francis v. Wallace (In re Francis), 505 B.R. 914, 920 (9th Cir. BAP 2014).

6

finding that we review for clear error. See Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003) (quoting Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir. 1995)); see also Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 218 (9th Cir. BAP 2006). A factual finding is clearly erroneous if it is illogical, implausible, or without support in inferences that may be drawn from the facts in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We review an award of costs under Rule 7054(b) for an abuse of discretion. Hosseini v. Key Bank, N.A. (In re Hosseini), 504 B.R. 558, 563 (9th Cir. BAP 2014). The bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. See TrafficSchool.com, 653 F.3d at 832.

## DISCUSSION

**A.   The Panel did not make a factual finding in Holy Hill I that is dispositive in this appeal.**

The Trustee filed a belated appellate brief, based on the mistaken assumption that Holy Hill I operated to moot this appeal. He requests that we exercise our discretion and adhere to the finding allegedly made by the Holy Hill I Panel. We disagree with the Trustee's characterization and argument.

As an appellate panel, we generally do not and in Holy Hill I, in particular, did not make a factual finding. In our recitation of facts, we simply recounted the undisputed facts that Park commenced the Quiet Title Action post-petition and did

7

not seek stay relief prior to doing so.

And even if the Trustee's argument was logical, our prior recitation of fact has no bearing on whether the Rule 7054(b) award of costs was appropriate. Thus, we reject the Trustee's assertion.

**B. The bankruptcy court did not clearly err in finding that Park willfully violated the stay.**

In the corporate debtor context, the bankruptcy court may exercise its contempt power under § 105(a) and award damages to the trustee for a stay violation. Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1152 (9th Cir. 1996). Where the court considers whether a party is subject to a civil contempt finding based on a stay violation, the threshold inquiry turns on a finding of "willfulness," where willfulness has a particular meaning. In re Dyer, 322 F.3d at 1191. The bankruptcy court must find that: (1) the party knew that the automatic stay existed; and (2) the party intended the action that violated the stay. Id. That the party did not act in bad faith or subjectively intend to violate the stay is irrelevant. The movant bears the burden of showing by clear and convincing evidence that the party violated the stay. See id.

Park does not dispute that she knew about the Debtor's bankruptcy case when she commenced the Quiet Title Action or that she intentionally filed the complaint in the state court. Instead, she continues to argue that the Trustee and his counsel suggested that she initiate the action but never told her that, by doing so, she would violate the stay.

In response to this assertion, the bankruptcy court stated

8

at the hearing:

> I don't find it credible that the Trustee told her to file a lawsuit in violation of the automatic stay. I simply don't believe that.

Hr'g Tr. (May 19, 2015) at 9:15-18. The bankruptcy court believed the Trustee and his counsel and not Park based on the declaratory evidence submitted; on this record, we cannot find that it clearly erred.

The bankruptcy court further determined that Park's only defense lacked merit based on her actual failure to remedy the stay violation after warning:

> And even if [Park] had that misapprehension, she was immediately informed after that[,] that it was a violation that the Trustee would seek damages if she didn't cease prosecuting that case and she didn't do it. She did not dismiss the case. The case continued to be pending and was opposed -- a dismissal was opposed on a substantive basis.

Id. at 9:18-23.

We agree with the bankruptcy court that, even if Park was not initially aware of or misunderstood the impact of the stay, the Trustee's subsequent communications put her on notice of her violation and that she was subject to a potential finding of contempt and sanctions. Although a party is not subject "to contempt for violating an injunction absent knowledge of that injunction, . . . once [the] party is made aware of [the] stay violation, they have an affirmative duty to remedy the violation." In re Dyer, 322 F.3d at 1191-92. That means that upon her receipt of the Trustee's letter, Park had an immediate duty to cease her litigation against the Debtor. The record shows that she did not do so; in fact, as the bankruptcy court noted, Park opposed the Trustee's motion to dismiss the

9

complaint. Nor can Park dispute that she received the Trustee's letter discussing her stay violation, as the record shows that she immediately responded to Trustee's counsel via email. Adv. Dkt. No. 46, Ex. 2.

In sum, the bankruptcy court did not err in finding that Park willfully violated the stay.

**C.    The award of costs under Rule 7054(b) was excessive.**

Park also argues that the bankruptcy court's award of costs under Rule 7054 was unreasonable and excessive. And she contends that the Trustee failed to support his request for costs with receipts or invoices.

Rule 7054(b)(1) provides that the bankruptcy court may award costs to a prevailing party in an adversary proceeding. Its discretion in determining whether to award costs is ample. See In re Hosseini, 504 B.R. at 564. Its discretion as to the type of costs that it may award is more limited. Beyond its broad provision of taxable costs, Rule 7054(b) is subject to other statutes and procedural rules, both at the national and local levels.

At the national level, Rule 7054(b) is based on Civil Rule 54(d).[5] See Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.), 94 B.R. 622, 624 (9th Cir. BAP 1988), aff'd,

---

[5] The Federal Rules of Bankruptcy Procedure do not expressly incorporate Civil Rule 54(d)(1) into adversary proceedings. Nonetheless, the text of Rule 7054(b)(1) and Civil Rule 54(d)(1) are now substantively similar. The prior version of Civil Rule 54(d)(1) was mandatory in nature ("[C]osts **shall** be allowed . . . ."); it now reads as permissive ("[C]osts . . . **should be** allowed . . . ."). Rule 7054(b)(1) provides that "[t]he court **may** allow costs . . . ." (Emphases added.)

10

930 F.2d 26 (9th Cir. 1991) (table).  And the definition of "costs" in Civil Rule 54(b) is supplied by 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987); see also Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir. 1988) (recognizing the relationship between Civil Rule 54(d) and 28 U.S.C. § 1920); see generally Renfrow v. Draper, 232 F.3d 688, 695 (9th Cir. 2000) (in light of the parties' divorce decree that provided for reasonable costs, on remand the bankruptcy court was instructed to disregard the list of permissible costs in 28 U.S.C. § 1920 in awarding costs to appellant).

The local rules also limit the items considered appropriate taxable costs under Rule 7054(b).  In accordance with LBR 7054-1, the bankruptcy court's Court Manual (incorporated into the local rules) delineates an extensive list of taxable costs. Court Manual § 2.8(f), http://www.cacb.uscourts.gov/court-manual (last visited Feb. 4, 2016).  There is a non-exclusive catch-all provision: "[u]pon order of the court, additional items . . . may be taxed as costs."  Id. § 2.8(f)(12).  But this catchall cannot be used to inflate awardable costs well beyond the level established by federal rule and statute.

Against this background, our review reveals some issues with the costs awarded to the Trustee under Rule 7054(b).[6]  But,

---

[6] Some of the costs awarded are for items that are not expressly delineated as taxable costs under the local rules. This includes: courier services ($188.66), overnight delivery services ($67.30), a state court database search ($19.50), and parking and mileage ($1).  Another category of costs awarded,
(continued...)

11

save for one exception, these issues are not fatal to the costs award.

The sole exception relates to the large portion of the costs award consisting of Westlaw research costs ($10,990.20). This is problematic because computer research costs are not taxable costs under 28 U.S.C. § 1920. Sea Coast Foods, Inc. v. Lu Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 n.2 (9th Cir. 2001), as amended (Sept. 25, 2001); In re Nw. Corp., 326 B.R. 519, 530 (Bankr. D. Del. 2005), aff'd, 369 B.R. 775 (D. Del. 2007); see generally In re Hosseini, 504 B.R. at 566. Because computer research costs are nontaxable, the bankruptcy court abused its discretion in awarding these costs to the Trustee under Rule 7054(b).

We also note another issue with the total amount of the costs award. The Trustee initially sought to recover $11,858.15 in costs under Rule 7054(b). In a supplemental declaration, Trustee's counsel attested that based on an internal billing mistake, the amount of costs was actually $11,375.61 - a difference of nearly $500. The judgment, however, awarded costs in the amount of $11,858.15 - the amount initially requested by the Trustee, notwithstanding counsel's subsequent declaration.

[6] (...continued)
identified only as "duplicating summary" ($16.25) is ambiguous; it is unclear from the Trustee's itemized statement what these charges relate to. Notwithstanding, it appears that the bankruptcy court exercised its discretion under § 2.8(f)(12) of the court manual and allowed these items as taxable costs. In the absence of specific arguments on appeal or controlling case law related to these costs, we will not disturb this portion of the cost award.

12

Even so, the fix here is simple. Deducting the Westlaw research costs from the Trustee's amended request, he is entitled to costs under Rule 7054(b)(1) in the amount of $385.41.

Finally, we reject Park's argument on the Trustee's failure to support his request for costs with receipts or invoices. No such requirement exists under the local rules, and we decline to read one into the bankruptcy court's policies and procedures in a Rule 7054(b)(1) context.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court's willful stay violation determination. But we VACATE the judgment and REMAND to the bankruptcy court for entry of a modified judgment awarding costs under Rule 7054(b)(1) in the amount of $385.41.

13